## BARTLETT *a.* HATCH.

*Supreme Court, First District; Special Term, April, 1864.*

NATURE OF CAUSES OF ACTION.—CAPACITY TO SUE.—ACTIONS BETWEEN CO-TRUSTEES.

A surviving assignee in trust cannot maintain an action against the executors or administrators of a deceased co-assignee, to require them to account for and pay over money collected by the deceased as such assignee. The *cestuis que trust* are the proper plaintiffs.

A complaint against executors, &c., seeking to charge them in their representative capacity, cannot be sustained on demurrer, if the facts alleged show only a personal liability on their part.

*It seems,* that a trustee may maintain an action against his co-trustee to restrain a violation of duty, and even succeed in obtaining his removal.

Demurrer to the complaint.

This action was brought by Abner Bartlett, surviving assignee of one Michael Burke, against Roswell D. Hatch and Eliza H. Hogan, executor and executrix of Robert Hogan, deceased, who had been in his lifetime a co-assignee with Bartlett. The assignment was in trust for the benefit of creditors. The assignees had entered upon their duties, and several years after the inception of the trust, Hogan died. In this action the plaintiff sought to obtain an accounting to recover from Hogan's executors moneys received by Hogan in his lifetime, and also to charge the defendants with moneys collected by them since Hogan's death, which should have been paid to the surviving assignee directly. The defendants demurred, on the grounds that the plaintiff had not legal capacity to sue, that he was not the proper party to bring the action, and that several causes of action had been improperly united, with other objections, not deemed material here.

*Roswell D. Hatch* and *Edward P. Cowles*, in support of the demurrer.

*John B. Fogerty* and *William Fullerton*, opposed.

MARVIN, J.—The trust created was valid, and the property conveyed or assigned was vested in Bartlett and Hogan, as trustees, and Burke ceased to have any right to the property, or to the rents and profits thereof, until the purposes of the trust should be satisfied.

Burke, the assignor, had no right to the rents, by reason of the negligence of the assignees in selling the property and paying the debts. The trustees held the property for the benefit of the *cestuis que trust*, and it was their duty to sell it and use the proceeds in paying the debts. Their neglect to do so was a breach of trust; but the rents which were received by them, or either of them, belonged in equity to the creditors. In other words, they were accountable to the beneficiaries for the rents received jointly by them, and each one was liable for the amount he solely received. Thus it is seen that I do not assent to the argument that the rents belonged to the assignor, Burke, until the assignees should execute the trust to sell.

One of the grounds of demurrer is that several causes of ac-

tion have been improperly united. The plaintiff seeks to recover the money received for rents by Hogan, his co-trustee, and this is one of the causes of action set forth in the complaint. He also seeks to recover of the defendants, as the representatives of Hogan, the money which they have received since Hogan's death, on account of the rents; the defendants having, it is alleged, received the money as the executor and executrix of Hogan. It is very clear to my mind that these two causes of action cannot be united, or rather the defendants cannot be made liable in their representative character for the rents received by them. They had no claim, as executor and executrix of Hogan, to these rents. They did not belong to Hogan's estate. The receipt of these rents was wrongful, but the estate of Hogan is not liable. The defendants are undoubtedly liable, in their individual character, to the plaintiff. But the facts stated do not constitute a cause of action against the defendants, as the representatives of Hogan, and the demurrer upon the ground that the facts stated do not constitute a cause of action, applies to this alleged cause of action.

It remains to consider whether the plaintiff can maintain the action against these defendants for the rents collected and misappropriated by his co-trustee, Hogan. He alleges, in substance, that upon the execution of the instruments by which they became trustees, Hogan entered into possession, and upon the collection of the rents, issues, and profits of all the lands, &c., of him, Burke, in the city of New York, and until, &c., continued to receive all the rents, &c., and had kept and exercised the entire control and management of the assigned estate and of the rents, &c., to the exclusion of the plaintiff, and made divers payments on account of the estate, &c., and except such payments Hogan had made no payments, &c., and although often thereto requested, he has never accounted for or paid over to the plaintiff the residue of the rents, &c., but has retained and converted the same to his own use. The allegations in the complaint, here abridged, are quite ambiguous and uncertain; but as they were understood by counsel, and as I understand them, they amount to this, or were intended to: that Hogan, for a certain period, collected and received the rents, &c., of the property assigned, and used portions of them for his own purposes. There is also another period mentioned in the

complaint when the like facts occurred, and the plaintiff now demands that the defendants, as the representatives of Hogan, account for such moneys to the plaintiff's surviving assignee, and pay over, &c., and that he have judgment, &c.

In my opinion, the facts stated in the complaint do not entitle the plaintiff to any judgment against the defendants, as the representatives of Hogan. What was the relation between the plaintiff Bartlett, and Hogan? They were co-assignees—trustees having equal powers, interest, and authority. They were to act jointly, and not separately. A trustee receiving money, is, however, generally alone accountable, unless the concurrence of the other trustees involves culpable negligence. One trustee may be liable for an abuse of trust by his co-trustee. (See *Greenl. Cruise on Real Prop.*, 445, and note; 2 *Story's Eq.*, 1282–1284; 4 *Kent's Com.*, 307, note.) But to whom are trustees, or a trustee, accountable? Most clearly to the *cestui que trust*. In case of default by one of the trustees, he generally is alone liable; but his co-trustee may be liable for neglecting to protect the trust property, knowing that his co-trustee is abusing his trust. From this, I think it follows, that in a case where the trustee has not the ability to protect the property from the abuse of trust by his co-trustee, without a resort to a Court of Equity, he may resort to such court for his own protection, and the protection of the trust property, and it may be his duty to do so. But what relief may he have? Can he compel his co-trustee to account to him, and to pay over the proceeds of the trust property? I apprehend not. He has no exclusive right to the property or its management. The relief may perhaps be an accounting for the benefit of the *cestui que trust* and payment over to him, thus relieving the co-trustee from liability. But I doubt even this. If a trustee has concurred in the breach of trust by his co-trustee, or has neglected to interpose for the protection of the trust property to an extent making him liable, I doubt whether the court will give him relief for the past acts of his co-trustee, or from the consequences of his own culpable negligence. I have, however, no doubt that a trustee may, in case of a threatened breach of trust by his colleague, institute an action for the purpose of restraining the threatened act, and it may be his duty to do this for his own protection and the protection of the property,

as it is the duty of every trustee to protect the trust property and faithfully execute the trust; and if he cannot do these without the aid of the court, I see no reason why he may not resort to the court for such purpose. And it may well be that upon his complaint an unfaithful trustee may be removed. I am reasoning upon general principles. I am not aware of any case in point, and I am not referred to any authority. But the present is, in no sense, such a case. In this case, Hogan, according to the allegations in the complaint, received the rents, &c., from August, 1854, to December, 1855, and then from November, 1859, to November, 1861, and retained and converted portions of them to his own use, and the plaintiff asks that the representatives of Hogan account to him for such rents, &c., and that he may have judgment in his favor against them for $15,239.59. In my opinion, he cannot maintain this action founded upon this claim. The *cestuis que trust* can maintain the action, and they are the proper plaintiffs. They may join Bartlett in an action as defendant with the representatives of Hogan, and it will then appear whether he is liable, by reason of his negligence or concurrence, for the breach of trust by his co-trustee, Hogan.

Suppose this action should be sustained, and Bartlett should recover of these defendants—what then? Would such recovery protect the defendant against the claim of the *cestuis que trust* in an action by them? Most clearly not. The money was received by one of the trustees, whose duty it was to pay it over to the *cestuis que trust*, and for this breach of duty he was liable to them, and this liability will not be discharged by a recovery in favor of the plaintiff, Bartlett. In short, Bartlett has no greater right to the money than his co-trustee, Hogan, had, and he can maintain no action to recover it. As to the money received by the defendants, it belonged to the plaintiff, Bartlett, as the surviving assignee, and when he brings his action against them in their individual capacity, he will, I have no doubt, recover judgment.

They will not be permitted to raise the question, or rather it will not avail them, that the trust was to sell the property and pay the debts, not to lease it, or leave it on lease and receive the rents. The *cestuis que trust* can enforce the execution of the trust, and so may the assignee; but, in the mean time, the

rents received will belong, in equity, to the *cestuis que trust*, and the trustee will be accountable to them. There must be judgment for the defendants upon the demurrer, with leave to the plaintiff to amend his complaint, if so advised, upon payment of costs.